MARY A. MOSTELLER v. JANE GORRELL *et al.*

DESCENT AND DISTRIBUTION — *Rights of Widow.* A widow has no interest in and is not entitled to a distributive share of land owned by the deceased husband during marriage, and which is not a homestead, where the same was sold before his death upon a special execution or order of sale issued in pursuance of a judgment in an action to recover upon a note executed by the husband and to foreclose a mortgage given to secure its payment, notwithstanding that she did not join in executing the note or mortgage and was not a party to the foreclosure action.

*Error from Crawford District Court.*

PARTITION. The opinion states the facts. Judgment for the defendants, at the August term, 1885. The plaintiff, *Mary A. Mosteller*, brings the case to this court.

*Wells & Wells*, and *D. B. Van Syckel*, for plaintiff in error.
*John T. Voss*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was for partition of a tract of land in Crawford county, in which Mary A. Mosteller, the plaintiff, claimed a one-half interest. The agreed statement of facts upon which the case was tried shows that Aaron P. Mosteller and the plaintiff were married on February 9, 1874, and lived together as husband and wife until his death, which occurred November 26, 1883. He had four children by a former marriage, namely, George W. Mosteller, Lewis N. Mosteller, John C. Mosteller, and Jane Gorrell, who intermarried with Thomas Gorrell. The mother of these children died many years prior to the marriage of the plaintiff to their father, and they were all more than twenty-one years of age before the commencement of the action. These children and the plaintiff were the only surviving heirs of Aaron P. Mosteller. Aaron P. acquired title to the land in controversy on June 11, 1880, and on March 14, 1881, he executed a promissory note for $1,600, payable to Jane Gorrell and J. C. Mosteller on the 1st day of the following July, secured by a mortgage on the premises in question. Default was made in the payment of the note, and on November 28, 1881, an action thereon and to foreclose the mortgage was instituted in the district court, which was tried on January 6, 1882, at which time a personal judgment was rendered against Aaron P. Mosteller for the sum of $1,593, and a decree foreclosing the mortgage was obtained. There was a waiver of appraisement in the mortgage, and hence there was a stay of six months in the enforcement of the judgment and decree. On July 8, 1882, an order of sale or special execution was issued, and thereunder the sheriff levied upon the premises and proceeded to sell the same on August 14, 1882, in the manner provided by law. Jane Gorrell and J. C. Mosteller, the plaintiffs in the foreclosure suit, purchased the land at the sheriff's sale, which sale was duly confirmed by the court on October 10, 1882, and the sheriff was directed to make the purchasers a deed, which was done October 12, 1882. The plaintiff, Mary

A. Mosteller, was not a party to the foreclosure suit, and the note and mortgage which formed the basis of that suit were signed by Aaron P. Mosteller alone, and the same were not given for the purchase-money of the premises, nor for any improvements thereon.   Although Aaron P. owned the land while married to and living with plaintiff, it was never occupied by them as a homestead.   Upon these facts the court found in favor of the defendants, and adjudged the costs against the plaintiff.

Some objection is made as to the form and fullness of the answer of the defendants, which in short denied that the plaintiff owned the land or any part thereof, or any interest therein. This constituted a complete defense in the action, for if she has no title or interest in the land or any part thereof, her action necessarily fails.   The question presented for consideration is, has the plaintiff any title or interest in the land of which she asks partition?   It was the separate property of the husband, and not a homestead.   Although counsel for plaintiff challenge the good faith and honesty of the transaction between the father and the children to whom he gave the note and mortgage, there is absolutely nothing in the record showing bad faith or fraud.   So far as appears, the note and mortgage represented a *bona fide* debt of the full amount claimed, and there was a default in the payment.   The mortgagees waited more than four months after the default before instituting an action on the note and mortgage.   The action proceeded without undue haste, and in an orderly way, to judgment, the enforcement of which was stayed for six months, and the sale, confirmation and deed which followed seem to have been fair and regular in every respect.

There was no charge in the pleadings that any step or proceeding taken was intended as a fraud on the wife or with the purpose of defeating her inchoate interest or distributive share which might come to her upon the death of her husband, nor was there any fact in the agreed statement upon which the case was tried indicating such an intention.   We think the sale which was made wholly divested the plaintiff of any in-

terest in the land.   The arguments made and authorities cited against the judgment of the court would be applicable if the interest which the wife has in the property of the husband was a dower estate.   As a general rule under the common law, no act of the husband alone could defeat or affect the wife's dower, but the rules governing dower do not obtain in this state, where the legislature has expressly abolished the dower estate.   The only interest which the surviving wife has or can take in the real estate of her deceased husband is that provided in the act concerning descents and distributions, as follows:

"One-half in value of all the real estate in which the husband at any time during marriage had a legal or equitable interest which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall under the direction of the probate court be set apart by the executor as her property in fee simple upon the death of the husband if she survives him: *Provided*, That the wife shall not be entitled to any interest under the provisions of this section in any land to which the husband has made a conveyance, when the wife at the time of the conveyance is not or never has been a resident of the state." (Comp. Laws of 1885, ch. 33, § 8.)

During the life of the husband the interest which the wife has in his estate is inchoate, and may never become consummate.   It is true that it has some of the characteristics of property, and the wife may during marriage maintain an action for its protection, and for relief from fraudulent alienation of the land by her husband, as decided in *Busenbark v. Busenbark*, 33 Kas. 572.   And that it is such an interest as may be the subject of conveyance by the wife during marriage, was decided in *Munger v. Baldridge*, ante, p. 236.   But it does not vest until his death, and is subject to be destroyed by a sale upon execution or other judicial sale before his death, and even after death it may be defeated by being subjected to the payment of his debts.   She only has an interest in such of the lands owned by the husband during marriage as have not been sold upon execution or other judicial sale, and which

are not necessary for the payment of his debts. As said in *Andrews v. Alcorn,* 13 Kas. 351 :

"In this state, when the real estate of a husband or wife is sold at judicial sale, there is nothing left for the other to inherit or receive after the death of the one who owns the real estate. The rights of the husband and wife are precisely alike in this respect, and the statute clearly shows that the wife on the death of her husband obtains no interest in any real estate ever owned by the husband, if the same had previously been sold to pay his debts on any execution or other final process."

The property in controversy was sold upon a special execution to pay the debts of the husband. It is contended that the execution mentioned in the statute is a general one, and would not include an order of sale or special execution like the one under which the property was sold. If this was true — which we do not decide — still there can be no dispute that the land was sold at a judicial sale, and therefore comes within the statute. We think that his title was entirely extinguished before his death by this foreclosure and sale, and that her interest was thus barred, although she was not a party to the note or mortgage, or to the foreclosure proceeding. (*Sturdevant v. Norris,* 30 Iowa, 65.)

The point that error was committed by rendering judgment in favor of all the defendants because Lewis N. Mosteller was in default for answer, must also be overruled. His name appears in the title of the answer, but in mentioning the names of the defendants in the body of the answer it was omitted; but counsel filing the same signs his name as attorney for defendants, and it evidently was intended as the answer of all. The trial proceeded and the cause was submitted on the theory that all the defendants were before the court, and for this reason we can treat the answer as amended, if an amendment can be said to be necessary. (*Bank of Lindsborg v. Ober,* 31 Kas. 599.)

Judgment affirmed.

All the Justices concurring.