• JULIA E. HOPKINS v. MINNA KUHN *et al.*
No. 13,050.   ( 72 Pac. 270.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Petition Construed and Upheld.*   A petition
on a promissory note executed by one defendant which alleges the
deposit of corporation stock as collateral security by another de-
fendant, a sale of the stock and application of the proceeds to the
note, and a dispute as to the validity of the sale, and asks judg-
ment against the maker of the note for the balance due thereon,
and against both defendants barring them from any claim to the
stock, states but one cause of action.

Error from Leavenworth district court; J. H. GILL-
PATRICK, judge.   Opinion filed April 11, 1903.   Af-
firmed.

*William Dill,* for plaintiff in error.

*Atwood & Hooper,* for defendants in error.

The opinion of the court was delivered by

MASON, J. :   Minna Kuhn sued L. Gardner Hopkins
on a note signed by him alone.   He answered setting
up that plaintiff had wrongfully converted certain
corporation stock that had been deposited with her
by Julia E. Hopkins as collateral security for the note.
Plaintiff thereupon made Julia E. Hopkins a party
defendant, and amended her petition by inserting
allegations that the collateral stock had been fairly
and legally sold and bought in by plaintiff, and that
the proceeds had been applied on the note, and by
asking that defendants be barred from any claim
thereto.   Each defendant moved to require plaintiff
separately to state and number her causes of action
and demurred to the amended petition generally and
for misjoinder of causes of action.   These motions and
demurrers were overruled.   Upon a trial plaintiff

obtained judgment against the original defendant for the balance due on the note, and against both defendants barring them from any interest in the collateral stock and enjoining them from asserting any claim thereto. Julia E. Hopkins brings this proceeding to reverse the judgment.

The principal contention of plaintiff in error is that there were two causes of action stated in the amended petition—one upon the note and one with regard to the collateral stock—and that as the action on the note did not affect her there was a misjoinder. The contention is not sound. It was necessary, in order to ascertain the amount due on the note, that the validity of the sale of the collateral should be investigated. This required Julia E. Hopkins, its former owner and present claimant, to be brought into court. The finding of the amount due necessarily involved a finding that the title of Julia E. Hopkins to the stock had been extinguished, and the judgment was substantially a declaration to this effect. The situation presented was closely analogous to that arising upon a petition on a note and mortgage, the note being executed by one person and the mortgage by another. In such case the whole matter is included in one action, not merely because of the code provision that in actions to foreclose liens the rule that all defendants must be affected by each cause of action does not apply, but independently of that provision, because the petition on the note and mortgage states but one cause of action. (*Andrews v. Alcorn, Adm'r, etc.*, 13 Kan. 351.)

The judgment of the district court is affirmed.

All the Justices concurring.