No. 23,962.

W. J. STURGEON, *Appellee,* v. HANOVER FIRE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. ACTION ON INSURANCE POLICY—*Neither Original Nor Copy of Policy Filed with Petition—No Prejudicial Error.* Material error was not committed in admitting in evidence a policy of insurance, a copy of which had not been filed with the petition, it appearing that the essential elements of the insurance contract were pleaded, that the policy was of a standard form, and that defendant from its records must have known of its terms and conditions.

2. SAME—*Tornado Insurance—Evidence Showed Plaintiff Had Insurable Interest in Property Insured.* The plaintiff purchased a silo, and in payment gave the seller some cash and certain promissory notes. In the preliminary contract of sale there was a statement that all silos should remain the property of the seller until paid for, but no such recital was contained in the notes accepted in payment. Although several years had elapsed, full payment of the notes had not been made, but no claim of ownership of the silo had been asserted by the seller. Plaintiff procured insurance on the silo, and it was afterwards destroyed by tornado during the life of the policy.

*Held,* that as the destruction of the property insured caused the plaintiff a direct pecuniary loss, he had an insurable interest in it and was entitled to recover upon the policy.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 4, 1922. Affirmed.

*William G. Holt, C. C. Crow,* and *John.H. Newman,* all of Kansas City, Mo. for the appellant.

*B. R. Leydig, K. M. Geddes,* and *E. W. Grant,* all of El Dorado, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by W. J. Sturgeon against the Hanover Fire Insurance Company, upon a policy insuring a silo against wind and tornado. The silo was destroyed by a windstorm during the life of the policy. The plaintiff recovered and the defendant appeals.

It was alleged and the proof showed that the policy was issued on March 14, 1918, and that in March, 1919, the silo was blown over and totally ruined by a windstorm. It was shown that about a week after the storm a representative of the defendant inspected the remains of the silo and admitted that it was a total wreck. There was an admission that the plaintiff gave defendant written notice of the loss and made proof of the extent of it as required by the conditions in the policy.

Two grounds of error are assigned. One is that the insurance policy was received in evidence when neither the policy nor a copy thereof had been filed with the pleading. In his petition the plaintiff set forth the number and form of the policy, the date of its execution, its duration, the consideration, the property insured and the amount of insurance, but did not file or attach a copy of the policy to the petition. The code provides that if an action is founded on a written instrument which is an evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. (Civ. Code, § 120.) It may be questioned whether an insurance policy is an evidence of indebtedness, but, if it be assumed to be such an instrument, the failure to set out a full copy of it and the admission of the policy in evidence, is not necessarily a ground of reversal. Every departure from code rules cannot be regarded as material error. The essential elements and the basis of the alleged liability of defendant upon the insurance contract were set forth. It was alleged to be of the stand-

ard form of tornado policies, and from its records the defendant knew as well as the plaintiff its terms and conditions. No prejudice to the defendant could have resulted from the omission to file the copy of the policy. Besides, the defendant raised no objection that the allegations of the petition were indefinite or insufficient, nor did it ask for an inspection of the policy but treated the pleading as stating a cause of action and joined issue on the right of plaintiff to recover upon the policy described in the petition. There could have been no surprise of the defendant, no lack of information as to the terms of the policy, and no embarrassment in making its defense. The code provides that defects which do not affect substantial rights are to be disregarded, and the objection made must be overruled. The other contention is that the recovery was unwarranted because the plaintiff did not have complete ownership of the property insured. It appears that plaintiff purchased the silo about three years before the policy was issued, for $541, and it was then delivered and set up on his farm. He paid $150 and gave his notes for the remaining consideration. In the contract of sale no specific reference was made to a retention of title in the particular silo sold, but at the end of the contract there was a clause stating that "all silos to remain the property of Columbian Steel Tank Co. until paid for." It does not appear that the notes contained any reservations as to title nor does it appear whether they were held by the seller or had been transferred to others. The silo was purchased July 12, 1915, and the cash and notes were accepted as payment. Although the plaintiff had possession and used the silo since that time, the seller has made no claim of ownership or for the return of the silo. The purchase of the silo by the plaintiff without misrepresentation or fraud, the holding of possession of the same for so many years without question, the procuring of the policy, the payment of the premiums on it and the fact that the destruction of the property would cause the insured a direct pecuniary loss, make it clear that he had an insurable interest in the silo, and having sustained an actual loss is entitled to recover the insurance for which he paid.

Judgment affirmed.