No. 36,626

THE SUPERIOR OIL COMPANY, *Appellee*, v. (JOHN J. BLUNK) VAL JOHNSON, DALE BLUNK and DAN BLUNK individually, and as representatives of that class of persons who might qualify as the grandchildren of John W. (J. W.) Blunk, deceased; GLENN BLUNK, individually, and as representative of that class of persons who might qualify as the children of John W. (J. W.) Blunk, deceased, *Appellants*, H. W. SKINNER (Intervenor), *Appellee*.

(171 P. 2d 658)

Opinion filed July 27, 1946.

*E. C. Wilcox*, of Anthony, argued the cause, and *J. Howard Wilcox*, of Anthony, was on the brief for the appellants.

*A. W. Hershberger*, of Wichita, argued the cause, and *J. B. Patterson, Enos E. Hook, R. E. Kirkpatrick, Richard Jones*, all of Wichita, *Riley W. MacGregor* and *Ralph C. Hall*, both of Medicine Lodge, were on the brief for appellee Superior Oil Company; *George B. Collins, A. D. Weiskirch* and *C. L. Williams*, all of Wichita, were on the brief for appellee H. W. Skinner.

The opinion of the court was delivered by

BURCH, J.: This appeal is from an order of the district court overruling demurrers to a petition and an intervening petition filed in an action to perfect title in the lessee to certain oil and gas leases and to quiet the fee title to the leased lands in the respective lessors.

The factual situation, disclosed in substance by the petition, follows. John W. Blunk was the owner of many tracts of land. He died in October, 1932, leaving a will, a widow, five children and the land. The will provided for several cash bequests and devised

to his wife a life estate in the rest, residue and remainder of his estate. It also provided that after the death of the testator's widow the respective children should have life estates to undivided interests in the property and further provided for disposition of the life estates in the event the death of any of the five children occurred prior to the death of the testator's widow. According to the terms of the will the respective children were to acquire only life estates and the fee title would eventually pass to unnamed and unknown grandchildren of the testator. The petition is not predicated upon a proper construction of the will because it alleges that the involved land was disposed of by the testator and his wife prior to the death of the testator.

The petition alleges that on June 18, 1932, which was about four months prior to the testator's death, the testator and his wife and their children and the children's respective spouses entered into a written contract which provided that certain described lands be allotted to the several children and that their parents should execute and deliver deeds to The First National Bank of Medicine Lodge, Kan., with instruction to the bank to deliver the deeds to the respective children named therein upon the death of the last surviving parent. The petition further alleges the recording of the contract; that a copy of it is attached as Exhibit "A"; that the deeds were executed and delivered in accordance with the contract; that the respective grantees named in the respective deeds are the owners of lands described in the various deeds, subject only to the life estate reserved in the mother, and that she and the respective grantees have together good right and title to execute and deliver valid oil and gas leases covering the described tracts; that the mother has executed such leases and that the children and their spouses have ratified the leases on their respective tracts; that the plaintiff is the owner thereof by assignment; that the various children have been in actual and peaceable possession of the lands allotted to them for more than thirteen years; that if any of the named defendant children as representatives of a class, or individually, claim any interest in any tract not allotted to them, or any named defendant grandchildren claim any interest therein individually or as representatives of a class, that such claims are without right and that the title to each party named as a grantee in the respective deeds is perfect, subject only to the mother's life estate, and should be quieted against any pretended claims of all others, and that the plaintiff's title to the oil and gas leases is like-

wise perfect but the pretended claims of others are a cloud upon plaintiff's title.

The petition also alleges that after the death of John W. Blunk his widow and his five children ratified in writing the alleged contract of June 18, 1932, by executing a declaration to such effect, which, together with a declaration on the part of the named bank to the effect that it was holding the deeds for delivery according to contract, were filed for record on December 1, 1937. In addition the petition alleges that the estate of John W. Blunk was administered and closed and the tracts of land described in the petition were not found or considered to be part of the assets of his estate. The exhibits attached to the petition as a part thereof included the agreement of June 18, 1932, the declarations referred to herein and the will of John W. Blunk. Copies of the various oil and gas leases which plaintiff claims to own were not attached and copies of the respective ratifications thereof were not attached. The petition gives only the recording data pertaining thereto and by reference makes the same a part of the petition. The intervenor, H. W. Skinner, filed a petition in which he adopted all of the allegations of the plaintiff's petition as his own, together with its exhibits; alleged further that he is owner of certain oil and gas leases covering part of the tracts of land referred to in the contract of June 18, 1932, and attached copies of his leases to his petition in intervention.

The appellants are three grandchildren of John W. Blunk, deceased, who appeared individually and as representatives of their class, and one son of the testator who also appeared individually and as representative of his class. They filed separate demurrers to the petition and to the intervening petition.

1. In support of the demurrers the appellants contend that the failure to attach copies of the leases, on the part of the plaintiff, and the failure on the part of the intervenor and the plaintiff to attach copies of the assignments of the leases and of the respective ratifications thereof necessitate the sustaining of the demurrers because of the wording of G. S. 1935, 60-739. Such statute reads as follows:

"If the action . . . be founded on account or on a note, bill, or other written instrument, *as evidence of indebtedness,* a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason thereof must be stated in the pleading. . . ." (Emphasis supplied.)

Obviously, the statute only requires copies to be attached when

a written instrument is relied upon as "evidence of indebtedness." The instant action is not one to recover an indebtedness but is an action to quiet title. The argument is made, however, that if the situation were reversed and the action had been brought to collect rents or royalties evidenced by the oil and gas leases it would have been necessary that copies of such leases be attached to the petition and that, therefore, it is just as reasonable where the action is founded on such leases and their assignments, and ratifications, that copies be attached. We are unable to agree with the appellants for the very simple reason that in the suggested instance the involved instruments would then be relied upon as evidence of indebtedness. In addition it may be noted that ordinarily, in the absence of a motion requesting that a copy of an instrument be attached to a petition, the possible defect cannot be attacked successfully by a demurrer. In the early case of *Burnes v. Simpson,* 9 Kan. 658, an action was brought to recover on a judgment and a copy of the judgment sued on was not attached to the petition. In considering the question the court said:

"We think this was such an instrument as the code requires to be filed with the pleadings; but the defect was one to be corrected on motion, not by demurrer." (p. 663.)

In the case of *Andrews v. Alcorn,* 13 Kan. 351, the action was on promissory notes secured by a mortgage and the petition did not contain a copy of either the notes or of the mortgage. The opinion reads:

"No such question can be raised in the district court on demurrer." (p. 358.)

See, also, the case of *Hawthorne v. Protective Association,* 112 Kan. 356, 210 Pac. 1086, wherein we held that it was not necessary to attach a copy of an insurance policy as evidence of indebtedness in an action brought to recover on the policy; and, also, *Sturgeon v. Insurance Co.,* 112 Kan. 206, 210 Pac. 342.

2. The second argument advanced in support of the demurrers is that the pleadings fail to show that the appellees are the owners of valid oil and gas leases. In such connection the appellants contend that the leases were signed by Alice Blunk but that at the time of the signing thereof the petition discloses that she did not own the real estate and therefore could not have executed effective oil and gas leases thereon because she had joined with her husband during his lifetime in executing deeds conveying the various tracts of land to the respective children. The argument might be sound were it

not for the fact that the petition clearly alleges that the escrow contract reserved a life estate in Alice Blunk. Whether it did, of course, is a question of evidence, but the petition must be liberally construed and if the facts pleaded, when taken as true, constitute a cause of action, a demurrer must be overruled. See *Wheat Growers Ass'n v. Bridges,* 124 Kan. 601, 261 Pac. 570; *Bowersox v. Hall,* 73 Kan. 99, 84 Pac. 557; *Morgan v. Anderson,* 149 Kan. 814, 89 P. 2d 866; and *United Brethren, Etc., v. Mount Carmel Community Cemetery Ass'n,* 152 Kan. 243, 103 P. 2d 877.

The failure to attach copies of the deeds executed by the widow and her husband during his lifetime did not make it impossible or even difficult for the defendants to prepare a defense in the instant case and therefore cases cited in support of such a contention are not in point. Applicants contend, however, that the allegations relative to "the life estate of Alice Blunk" are mere inferences or conclusions and that as such they cannot be substituted for essential allegations of fact. We do not agree with the contention. The petition clearly discloses not only the recording of the agreement in which the life estate was reserved but a copy thereof also was attached as Exhibit "A." Consequently, it cannot be said that the petition contained only a mere inference or conclusion relative to the reservation of the life estate. Additional argument is made to the effect that no showing was made that the deeds contained the reservation of the life estate and that the agreement for the execution of the deeds is silent as to any life estate. The petition, however, clearly alleges and the agreement shows that the children were not entitled to the deeds or to the possession of the real estate until the death of the survivor of the grantors. Consequently, the defendants were adequately advised by the petition as to the exact documents upon which the plaintiff seeks to prevail and the allegations of the petition which were in the nature of conclusions followed from the specific evidence pleaded in the petition. Therefore, the rule as to demurrers not admitting naked conclusions has no application.

3. The final contention of the appellants is that the agreement attached to the petition as an exhibit specifically provided as follows:

"Nor shall the said parties of the second part [the children] have any right to create any lien or encumbrance or make any conveyance of their expectancy in and to the real estate herein allotted until after the death of the said parties of the first part."

and that, therefore, the children could not execute or ratify the execution of any oil and gas leases until after the death of both of their parents. In other words, it is contended that the execution of oil and gas leases in effect creates a lien or incumbrance upon or is a conveyance of the real estate and, therefore, it affirmatively appears that the children acted without authority and in violation of a specific prohibitive provision. No cases are cited by the appellants in support of the contention. Whether an oil and gas lease is a conveyance of an interest in land or is an incumbrance or a lien need not be decided. If we assume that it is any or all of them, nevertheless, the restrictive provision in the agreement was ineffective because the agreement did not contain any provision for forfeiture or other enforceable consequence for its breach. Therefore, the attempted restriction or restraint on alienation was ineffective and invalid. From the case of *Wright v. Jenks,* 124 Kan. 604, at 609, 261 Pac. 840, the following is quoted:

"We have referred above to the power of a grantor or testator to place reasonable restriction for limited periods upon the right of his grantee or devisee to alienate the property granted or devised. But a mere admonitory gesture in a deed or will is insufficient to do so. (*Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854; *Howe v. Howe,* 94 Kan. 67, 145 Pac. 873; 18 C. J. 361. See, also, *Bennett v. Crapin,* 77 Mich. 526; and *O'Connor v. Thetford* [Tex. Civ. App.], 174 S. W. 680.) To make such restriction effective some practical bar to a breach of such restriction must appear, *e. g.,* by the intervention of trustees having active duties to discharge during the restrictive period; by provision for re-entry or alternative grant or devise over for breach of conditions prescribed in the instrument itself. [Citing cases.]"

In such connection see, also, the opinion by Mr. Justice Thiele in the case of *Guarantee Title & Trust Co. v. Siedhoff,* 144 Kan. 13, 58 P. 2d 66.

No contention is made by the appellants that the petition and its exhibits disclose that the deeds were not delivered unconditionally under the agreement to the First National Bank or that the grantors retained any control over the deeds after they were placed in the bank. The appellants do assert, however, that so far as the pleadings show, an independent arrangement might have been made relative to the real estate prior to the death of the survivor of the grantors. The argument is based wholly on speculation and conjecture and merely expresses the hope that some such defense might develop upon the trial. The remote possibility cannot affect the ruling upon the demurrers.

The order of the district court overruling the demurrers is affirmed.