KANSAS PACIFIC RAILWAY CO. V. M. D. McCORMICK.

1. PLEADING; PETITION; *Motion to Make Definite and Certain.* The function of a petition is not the narration of the evidence, but a statement of the substantive facts upon which the claim for relief is founded; and a motion to make more definite and certain the allegations of the petition can be sustained only when the precise nature of the charge is not apparent.

2. DISCOVERY OF FRAUD; *Limitation of Action.* Whatever may have been the old equity practice under the code in an action for relief on the ground of fraud, the circumstances under which the fraud was discovered do not constitute any part of the cause of action, and need not be stated in the petition, even where a discovery must be alleged to avoid the apparent bar of the statute of limitations.

*Error from Saline District Court.*

THE district court, at the May Term 1876, sustained a motion to make plaintiff's petition more definite and certain; and from such ruling, and the judgment thereon, plaintiff appeals, and brings the case here on error.

*J. P. Usher,* for plaintiff.

*A. H. Case,* and *J. G. Mohler,* for defendant.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, filed its petition containing two causes of action. The first cause is thus stated:

"The plaintiff shows to the court, that the plaintiff was on the 1st of October 1867, and long previous thereto, and still is a railroad corporation, duly incorporated under the laws of Kansas, and owning and operating a railroad through the counties of Saline, Ellsworth, Russell, and Ellis, in Kansas. On or about the 1st of October 1867, the plaintiff engaged the defendant, and the defendant hired himself to the plaintiff as supervisor of the Smoky Hill division of its road, which division included all of said plaintiff's railroad in said counties of Ellsworth, Russell and Ellis, and all of said railroad in the county of Saline, west of Brookville. The terms of such hiring were, that the plaintiff should pay the defend-

ant the monthly wages of $110, and that the defendant should discharge such duties as are usually incident to the position of supervisor of a railroad, and amongst other things that defendant should supervise the supply of wood for fuel for its locomotives on the district intrusted to defendant's care, and should safely keep and watch such wood when delivered to plaintiff, and faithfully and honestly protect his employer, said company, against fraud in the supply of said wood, and the theft and embezzlement thereof, and should, when so requested by the superintendent of such division, honestly and skillfully measure all quantities of wood offered for sale or tendered or delivered to said company, and report to such superintendent the true and correct quantity thereof. The defendant entered upon his duties as supervisor as hereinbefore set forth, and was employed in that capacity until about the month of January 1875, and was during such time duly paid the salary above mentioned. On or about the 15th of March 1869, one Evander Light tendered to said company a lot of wood for fuel, under the terms of a contract by said Light with the plaintiff, for the supply of such wood at the price of $7 per cord; and said defendant was by virtue of his employment as supervisor as aforesaid, directed by B. Marshall, the superintendent of said division, to measure and inspect said wood as tendered, and to accept delivery thereof on behalf of plaintiff, and to report to said superintendent the correct quantity and measurement of said wood. The wood so tendered by said Light was placed on the right-of-way of said company, and there was also at that time placed upon the right-of-way of said company a lot of wood already purchased by and belonging to said company, and in quantity 287 cords, or thereabouts. Defendant well knew that said 287 cords was the property of plaintiff, and not of said Evander Light, but nevertheless, in violation of his contract with plaintiff, he conspired with said Evander Light to rob and defraud said company by measuring and taking delivery of said wood already belonging to said company, as if delivered by said Light, and falsely reporting to the superintendent, B. Marshall, that said Light had delivered that quantity of wood to said company, when he had not done so. Said defendant was directed by said B. Marshall to inspect and measure the cord-wood so tendered by said Light, and accordingly in pursuance of such conspiracy to defraud, said defendant in willful and fraudulent violation of his duties as supervisor, reported to said superintendent that said Light

had delivered to said company 287 cords of wood, when he had not in fact, as said defendant well knew, delivered any such wood at all, and thereby enabled said Light to obtain from said company the price of the wood thus feigned to be sold and delivered, amounting to the sum of $2,000; and thus the defendant and said Light succeeded in robbing and defrauding the plaintiff of such sum, and for his share of the plunder arising from the fraud and robbery thus perpetrated by defendant and said Light, said defendant received from said Light one-half of said sum, being the sum of one thousand dollars. Plaintiff did not discover such fraud until the first day of December 1874."

A motion, of which the following is a copy, was filed to make this petition more definite and certain:

(*Title.*) "Now comes the said named defendant, and moves the court to cause the said plaintiff to make its petition in this action more definite and certain, in this, to-wit:

"1st, To state the time when the defendant was directed by B. Marshall to inspect, measure and report to him, the wood mentioned in said petition.

"2d, To state when the wood was pretended to be measured by McCormick.

"3d, To state the time when the defendant reported to B. Marshall that Evander Light had 287 or 1,500 cords of wood, (or any other number of cords,) when in truth and in fact he had none on their right-of-way.

"4th, To state when it was that the defendant conspired with Evander Light to rob and defraud the plaintiff, and when it was that such robbery was accomplished.

"5th, To state how it was that the defendant defrauded or robbed the plaintiff.

"6th, To state when it was that defendant received any part of the money mentioned in the plaintiff's petition.

"7th, To state how the defendant concealed the alleged fraud and fraudulent acts from the plaintiff, and of what it consisted.

"8th, To state when the concealment took place, and whether before or after the fraudulent acts are alleged to have been committed.

"9th, To state when the fraud was discovered.

"10th, To state how the fraud was discovered.

"11th, To state what acts of concealment were done by

defendant subsequent to the alleged fraud, and before its alleged discovery.

"12th, To state when the alleged cause of action of the plaintiff against the defendant accrued."

This motion was sustained; and the plaintiff electing to stand upon its petition, judgment was entered against it, to reverse which this petition in error has been filed.

Ought the motion to have been sustained? We think not. Such a motion is in order when the precise nature of the charge is not apparent. (Civil code, §119, Gen. Stat. 652.) It is not the function of a petition to narrate the evidence, but to state the substantive facts upon which the cause of action rests. This petition states those facts, and states them so that the precise nature of the charge is clear. There is no mere general allegation of a conspiracy to defraud, by means of which the plaintiff sustained loss, but a specific statement of the employment of defendant, his duties, his compensation, the conspiracy with Light, the circumstances under which the opportunity for wrong arose, the acts of defendant in carrying out the wrong, and the profits made by him thereby, and from whom received, as well as the injury sustained by plaintiff. All this is stated with precision. Nothing could be made clearer. The petition also alleges the time on or about which Light tendered wood in fulfillment of his contract, the measuring and inspection of which was the wrong done by the defendant, and the time at which the wrong was discovered by the company. True, the time at which defendant did every specific act in pursuance of his agreement, is not separately alleged; but the time at which the whole transaction commenced, is stated, as precisely as matters of time like this need to be stated, that is, "on or about;" and the circumstances of the transaction as detailed show that all the acts must have been in close proximity in point of time. And as an action for the wrong done at such a time would be apparently barred, it is distinctly averred that knowledge thereof did not come to the company till within a few days prior to the filing of the petition.

It is insisted by counsel that under the old equity practice the circumstances under which the fraud was discovered, had to be stated, and that the same rule obtains to-day. (See as to the equity practice, *Carr v. Hilton*, 1 Curtis Ct. Ct. 390; *Moore v. Greene*, 2 Curtis Ct. Ct. 205.) Whatever may have been necessary when the chancellor refused to give relief against wrongs of long standing, unless the plaintiff disclosed due diligence in ascertaining his rights and discovering the fraud, and when therefore the conduct of the plaintiff was as important as that of the defendant in determining the right to present relief, we think no such rule obtains under our present practice. The statute aims to settle the question of limitation, and it is not left to the discretion of the chancellor. The action may be brought at any time within two years after discovery of the fraud. It may not be brought thereafter. The question is, *When* did the plaintiff discover the wrong? and not, Was he diligent in its investigation? The question is one of time, and not of conduct. The statute requires in a petition a concise statement of the facts constituting the cause of action; but the manner in which the fraud has been discovered is no part of or element in such cause of action. The cause of action is in the wrong done; and even the time of discovery is a matter affecting solely the statute of limitations, and that statute has regard to the time, and not to the manner of discovery.

We think the facts constituting the cause of action are fully stated; that the precise nature of the charge is apparent, and that therefore the court erred in sustaining the motion.

The judgment will be reversed, and the case remanded with instructions to overrule the motion.

The case of the *K. P. Railway Co. v. M. D. McCormick and Mary McCormick* involves the same question; and the same ruling will be made in that.

All the Justices concurring.