JOHN C. DWELLE v. F. E. DWELLE *et al.*

1. ACTION ON CONTRACT — *Consideration* — *Pleading.* A writing in words and figures as follows: "Marion, Kas., March 11, 1889. Messrs. F. E. Dwelle and Charles A. Sayre: Dear Sirs — Upon my own motion, and to show you my earnest desire for peace between us, having in view the great expense to which you have been put in recent litigation in which you were concerned, I voluntarily agree to assume part of that burden, and agree to pay you by the 1st day of October, A. D. 1889, the sum of six hundred ($600) dollars; and for the purpose of privacy would thank you to entrust this paper to Dennis Madden, Esq. Your obedient servant, J. C. Dwelle," does not import a consideration upon its face, but the consideration therefor must be alleged and proven by the party who relies upon it for the basis of a cause of action.

2. ——— *Motion to Make Definite.* Where a petition sets forth in plain and concise language the substantive facts upon which the claim for relief is founded, a motion to make more definite and certain the allegations of the petition, and a demurrer to said petition, ought not to be sustained.

3. GENERAL ALLEGATIONS — *Surplusage.* Where the petition in a case sets forth a cause of action in specific terms, and also contains certain general allegations, and where none of the evidence is preserved in the record, but the record clearly shows that the trial court, in its instructions to the jury, treated the general allegations of the petition as surplusage, and confined the plaintiffs below to the cause of action specifically stated, we cannot say that the trial court committed any prejudicial error in overruling a motion to make the allegations of the petition more definite and certain and a general demurrer to said petition.

MEMORANDUM.— Error from Marion district court; FRANK DOSTER, judge. Action by F. E. Dwelle and another against John C. Dwelle on a contract. Plaintiffs recovered judgment, and defendant brings error. Affirmed. The facts are stated in the opinion herein, filed June 7, 1895.

*J. V. Sanders, F. P. Cochran,* and *Graves, Lambert & Dickson,* for plaintiff in error.

*Madden Bros.,* for defendants in error.

The opinion of the court was delivered by

COLE, J.:  F. E. Dwelle and Chas. A. Sayre brought their action in the district court of Marion county upon the following instrument and promise, a copy of which is made a part of their petition :

"MARION, KAS., March 11, 1889.

"*Messrs F. E. Dwelle and Chas. A. Sayre:* DEAR SIRS.— Upon my own motion, and to show you my earnest desire for peace between us, having in view the great expense to which you have been put in recent litigation in which you were concerned, I voluntarily agree to assume part of that burden, and

agree to pay to you by the 1st day of October, 1889, the sum of six hundred ( $600 ) dollars, and for the purpose of privacy would thank you to entrust this paper to Dennis Madden, Esq.

"Your obedient servant, J. C. DWELLE."

The petition, alleges in brief, that prior to the execution of said writing by the defendant there had been various disputes between the parties named therein, and claims that defendant had maliciously and without probable cause instigated and set on foot a certain criminal prosecution for murder against the plaintiffs. It states the court in which the prosecution was brought, and names the parties to the case. It then recites that, prior to the execution of said writing, the plaintiffs were acquitted of said charge, and were about to bring a civil action against the defendant for damages arising out of said malicious prosecution. It further alleges that, for the purpose of preventing said suit and as an accord and satisfaction, the defendant executed and delivered to plaintiffs the writing in question, and that they accepted and have relied upon the same as such accord and satisfaction ; that the sum stated in said writing was to be paid by defendant partially to reimburse plaintiffs for the expense they incurred in defending said criminal case charged to have been instigated by defendant. The petition closes with an allegation of refusal by defendant to pay the amount set forth in the writing, and prayer for judgment. The defendant interposes a motion to make the petition more definite and certain, which was overruled, as was also a general demurrer to the same, and, answer having been made, there was a trial of the issues before the court and a jury, with verdict and judgment for the plaintiffs. A motion for a new trial was duly filed .

and overruled, and the defendant, having duly excepted to each of the rulings of the court, brings the case here for review upon a transcript of the record.

There being none of the evidence given at the trial preserved, we must determine the questions involved upon the record as it is before us. We do not think that the writing set out in the petition imports any consideration upon its face, and the trial court therefore properly held that the burden of proving a consideration was upon the plaintiffs below.

Does the record disclose any error in the rulings of the trial court in overruling the motion to make more definite and certain, and the general demurrer filed by the defendant? We think not. The petition stated the cause of action in plain and concise language. No doubt could have arisen in the mind of the defendant below, under the allegations of the petition, as to the claim he was called upon to defend against. His attention was directed to the particular writing relied on, and to the consideration alleged for the execution and delivery thereof. He was advised that the plaintiffs below claimed that the writing was intended by the maker, and accepted by the persons to whom according to its terms payment was to be made, as an accord and satisfaction of a claim for damages alleged to have been sustained by reason of a certain malicious prosecution which it was claimed he had instigated. This, we think, was sufficient, both as against the motion and the demurrer, under the code and the rule laid down in *K. P. Rly. Co. v. McCormick*, 20 Kas. 107. It is true that the petition contains allegations in regard to other disputes and differences between the parties, and says that the writing in question was given in settlement of all differences existing between the parties. It is also true that these allegations are

altogether too broad and general to be good as against
a motion to make more definite and certain or a de-
murrer.   But was the plaintiff in error prejudiced by
the ruling of the trial court as regards these allega-
tions?   We think not, for the record plainly discloses
that the court treated these general allegations as
mere surplusage, and confined plaintiffs below to the
considerations specifically alleged, viz.:   The suit
about to be brought for malicious prosecution.   We
fail to see where the plaintiff in error was injured by
not being able to prepare his defense to something
which the trial court did not compel him to meet.
The judgment will be affirmed.

All the Judges concurring.