### RUBIN v. GREENWOOD.

No. 16277—Opinion Filed Jan. 26, 1926.

1. **Usury — Pleading — Attaching Copy of Usurious Note Unnecessary.**

An action for usury based upon a promissory note is not an action upon said note, and it it not necessary for the plaintiff to attach a copy of such note to the pleadings.

2. **Appeal and Error—Harmless Error—Instruction.**

Although one of a series of instructions given in a case may contain an improper statement of the law as applied to the facts in the case, nevertheless, if it clearly appears from the instructions, taken as a whole, that no prejudice has in fact resulted therefrom, the error will not be considered.

3. **Same—Sufficiency of Instructions.**

Held, the instructions in the instant case

examined, and taken as a whole fairly state the law.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Wm. H. Zwick, Judge.

Action by Oscar E. Greenwood against E. M. Rubin. Judgment for plaintiff, and defendant brings error. Affirmed.

A. H. Meyer and J. S. Lewis, for plaintiff in error.

Gustave A. Erixon and Harry F. Tripp, for defendant in error.

Opinion by WILLIAMS, C. The parties herein will be referred to as they appeared in the court below, inverse to the order in which they appear here.

Plaintiff in this action filed his petition, and for cause of action alleged that on the 17th day of November, 1921, he borrowed of the defendant the sum of $40; that he not only paid the principal to the defendant, but that he paid thereon the sum of $86 usury; and prayed judgment against the defendant in the amount of double the usurious interest so paid, to wit, $172. Plaintiff also alleged that he made his demand in writing upon the defendant to pay back such usurious interest before the commencement of his action, and attached a copy of his notice to his petition. Defendant afterwards filed a motion to have the petition made more definite and certain, which motion was by the court overruled, and exceptions saved. That afterwards, on the 7th day of October, 1924, defendant filed a general demurrer to the petition of the plaintiff, which demurrer was by the court overruled and exceptions saved, and afterwards on the 5th day of November, 1924, the defendant filed his answer to the petition of the plaintiff, consisting of a general denial. Upon the issues thus joined the case was tried to the court and a jury, resulting in a verdict for the plaintiff in the sum of $172. Judgment was entered on said verdict by the court, motion for new trial was filed, heard, and overruled by the court, exceptions saved, and the defendant appeals. Numerous assignments of error are alleged by the defendant, but we will only consider those argued in the brief of the defendant.

The first assignment of error urged by plaintiff in error is:

"That, the court erred in overruling plaintiff in error's motion to make defendant in error's petition more definite and certain."

Counsel's ground for asking that the petition be made more definite and certain is that the plaintiff be required to attach to his petition a copy of the note upon which he paid usurious interest, if any, and he quotes section 297, C. O. S. 1921, in support of his contention, which reads as follows:

"If the action, counterclaim, or set-off be founded on account or on a note, bill, or other written instrument, as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason thereof must be stated in the pleading."

This statute has no application to the instant case for the reason that plaintiff is not suing on a promissory note, but for usury paid thereon, and the note, if used at all, could only be used as evidence of the amount of money obtained and not as to the amount of interest paid.

The case relied upon by counsel for defendant is a Kansas case, the opinion being by Justice Brewer, K. P. Ry. Co. v. McCormick, 20 Kan. 107, and in the body of this opinion the court said:

"The function of a petition is not the narration of the evidence, but a statement of the substantive facts upon which the claim for relief is founded; and a motion to make more definite and certain the allegations of the petition can be sustained only when the precise nature of the charge is not apparent."

The next ground urged by the defendant for a reversal of this case is that the court committed error in the admission of incompetent evidence, the evidence complained of being as follows:

"Q. Did you keep any record, Mr. Greenwood, of the amounts of interest that you have paid Mr. Rubin on that loan. A. Why, 1921—. Q. Answer yes or no; have you got a record? A. Yes. Q. Is that record complete? A. No, sir. Q. You say it is not complete? A. No. Not complete for 1921, but it is complete from 1922 on. Q. From 1922 on you say that record is absolutely correct? A. Yes, absolutely. Q. Is this the record? (Handing witness a paper). A. Yes. Q. Did you make these entries on that record as you paid the interest to Mr. Rubin? A. Yes. Q. Is that the only record you have? A. The only record I have. Mr. Erixon: Please mark that 'Exhibit 1.' Defendant objects to the introduction of this in evidence. It shows no connection with Mr. Rubin there, but is just a piece of paper showing some figures on it. The Court: You have not laid the proper predicate for its introduction. You haven't shown it was made in due course of

business by him at the time and so on. Q. I will ask you this question: Did you make the entries on this record at each time when you made an interest payment? A. How is that? Q. (Question read.) A. Yes. Plaintiff offers in evidence Exhibit 1. Defendant renews his objection to the introduction of the purported paper on the ground and for the reason the witness has testified it isn't complete and does not show with whom the transactions were had, but is merely a paper showing certain figures were made at certain times and does not show any connection with the transaction had with the defendant in this case."

This testimony tended to establish the amount of interest paid on amount of money borrowed. While the witness stated that the same was not complete for the year 1921, it was complete for the year 1922, that he made the record at the dates shown thereon and at the time of the payments, and that he knows the same to be true and correct. We find no error in the admission of the same.

Defendant next contends that the verdict is not supported by the evidence, and that the trial judge committed reversible error in overruling a demurrer to the evidence.

There is no merit in this contention. The questions involved in the pleadings and submitted to the jury were: First, the amount of money loaned; and, second, the amount of usurious interest, if any, charged and collected. The only witnesses who gave testimony concerning these issues were the plaintiff and defendant. The plaintiff testified positively that he paid the defendant $86 usurious interest on the money borrowed and at issue in this case. On this issue the defendant possessed a remarkably convenient memory. When asked as to the amount received his answers were that he could not remember. The jury were the exclusive judges of the facts in the case, of the credibility of the witnesses who testified before them, and the weight to be given to the testimony of each of such witnesses. They found from the evidence, under the proper instructions of the court, that the defendant had charged and collected from the plaintiff $86 usurious interest, and the verdict was for double the amount, or $172. The verdict of the jury is supported by the evidence, and we find no error in the overruling of the demurrer to the plaintiff's evidence.

The next assignment of error, to the effect that the court misdirected the jury as to the law covering the case, is of a more serious nature. Unfortunately, the instructions are not numbered, but we presume that the specific instruction against which counsel levels his objection reads as follows:

"You are instructed that under the law the taking, receiving or reserving of a greater rate of interest than ten per cent. is usurious, and in this connection you are instructed that the plaintiff has established by a preponderance of the evidence that in the month of November, 1921, he borrowed the sum of $40 from the defendant, E. M. Rubin, and that thereafter the plaintiff paid such obligation in full and before the final payment the plaintiff at various times paid to the defendant a rate of interest upon said loan in excess of ten per cent. of said loan during its continuance, then, and in that event, the plaintiff is entitled to an affirmative judgment as against the defendant in twice the amount of interest which you find from a preponderance of the evidence the plaintiff has paid to this defendant, which sum you will designate in your verdict."

This instruction is couched in very unfortunate language. The learned trial judge is made to say something that he did not intend. It is apparent that he intended to charge the jury, that "if plaintiff has established by a preponderance of the evidence," etc., and this conclusion is borne out by the fact that in the latter part of said instruction the following language is used:

"* * * Then, and in that event, the plaintiff is entitled to an affirmative judgment as against the defendant in twice the amount of interest which you find from a preponderance of the evidence the plaintiff has paid to this defendant, which sum you will designate in your verdict."

The court further instructed the jury that in the consideration of the instructions, they must be taken as a whole, and the court in one of his instructions said to the jury:

"You are instructed that under the law the burden of proof rests upon the plaintiff to prove by a preponderance of the evidence all of the material allegations contained in his petition before you will be warranted in returning a verdict in his favor and against the defendant. * * *"

—and the court then defined what a preponderance of the evidence is.

Appellate courts should see that causes are tried and justice administered according to forms and requirements of the law, and not hesitate to set aside the verdict of the jury or reverse the judgment of a court, where there has been such a departure from settled forms or requirements as have apparently endangered and prejudiced the rights of any litigant. Upon the other hand,

such courts should, for the purpose of upholding the verdicts of juries and the judgments of trial courts, as unhesitatingly disregard all technical errors, or acts, or omissions, which are so obviously inapplicable as to make it clearly apparent that no injustice was done by reason of such errors.

We have carefully examined each of the other instructions given in the case and excepted to by the plaintiff in error, and considered each of them in connection with the issues made by the pleadings and the evidence taken on the trial, and we think they fairly state the law applicable to the issues and the evidence; are fair to the complaining party, and we see no reasonable grounds for criticism.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.