THE OTTAWA CONDENSING COMPANY, *Appellee*, v. D. W. DAWKINS *et al.* (J. W. REED, *Appellant*).

No. 17,397.

### SYLLABUS BY THE COURT.

1. ACTION FOR "RELIEF ON THE GROUND OF FRAUD"—*What Constitutes.* An action to recover a part of the consideration of a contract which it is alleged was paid by reason of the fraudulent representations of the defendants as to the amount due thereon is an action for relief on the ground of fraud and not an action upon contract.

2. FRAUD—*Discovery—Allegations—Limitation of Actions. K. P. Rly. Co. v. McCormick*, 20 Kan. 107, and *Ryan, et al., v. L. A. & N. W. Rly. Co., et al.*, 21 Kan. 365, 404, followed, and *held*, that in an action for relief upon the ground of fraud where a discovery of the fraud must be alleged to avoid the bar of the statute of limitations as provided by subdivision 3 of section 17 of the civil code, the circumstances under which the fraud was discovered need not be stated; nor is the plaintiff required to negative the fact that the fraud might have been discovered earlier.

Appeal from Franklin district court. Opinion filed January 6, 1912. Affirmed.

*J. W. Deford*, for the appellant; *S. J. McNaughton*, and *Malcolm N. McNaughton*, of counsel.

*F. M. Harris*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The principal question to be determined is whether this is an action for relief on the ground of fraud. The plaintiff recovered a judgment. J. W. Reed, one of the defendants, appeals, and claims that the cause of action as alleged and proved was barred by the three-year statute of limitations. The petition alleges that in February, 1905, the defendants agreed to furnish and deliver to the plaintiff certain milk-condensing machinery at what it actually cost them; that the defendants did furnish the machinery, but

falsely and fraudulently represented to plaintiff that it actually cost $7500, when in fact it had cost not to exceed $3000; that, relying upon the truth of defendants' statements as to the cost, plaintiff paid defendants the sum of $7500; that when it did so none of its officers or directors, except the defendants, who were both officers and directors of plaintiff corporation, had any knowledge of the cost of such machinery, or any acquaintance with the milk-condensing business, and that the defendants at the time were well acquainted with such business and the cost of such machinery; that plaintiff did not and could not discover the falsity of the representations of the defendants as to such cost and the fact that plaintiff had been defrauded thereby until on or about the 1st day of January, 1909. The action was commenced November 4, 1909.

A demurrer to the petition was overruled, and the appellant answered, setting up a general denial; a plea of the three-year statute of limitations; a plea to the jurisdiction, alleging that the plaintiff had settled with the defendant Dawkins for his liability and then sued him in Franklin county upon a bogus claim, fraudulently joining the appellant, who resided in Leavenworth county, and therefore the action was not rightly brought in Franklin county; a plea in abatement, alleging that the plaintiff had failed to comply with the provisions of the statute governing corporations by filing with the secretary of state the annual statements required by law, and had failed, before commencing the action, to obtain from the secretary of state a certificate showing that such statements had been filed, and that therefore the court had no jurisdiction of the action. The plaintiff afterwards obtained from the secretary of state the required certificate, and alleged the fact in its reply.

The appellant contends that this is an action for damages for the breach of contract, and that it is barred by the statute of limitations. If it is an action

for relief on the ground of fraud, the cause of action is deemed not to have accrued until the discovery of the fraud. (Civ. Code, § 17, subdiv. 3.) As a general rule, where the defendant has made a material representation which he knew to be false, with the intention that the plaintiff should act upon it, and the plaintiff has acted upon it to his injury, an action will lie to recover damages for the fraud.

"The simplest and perhaps the most frequent case of fraud is that consisting of telling a deliberate and intentional falsehood as to a material fact. Where a person makes such a misrepresentation, intending that another shall act upon it, and the latter does act upon it to his injury, it is perfectly clear that an action of deceit will lie." (20 Cyc. 14.)

There is no similarity between the present case and that of *Railway Co. v. Grain Co.*, 68 Kan. 585, 75 Pac. 1051. There the alleged fraud consisted in concealing from the plaintiff the fact that the contract was being violated, and it was held that the fraudulent concealment of the fact that a cause of action exists does not change the nature of the action or shift it into the class of actions for relief on the ground of fraud. In the present case the cause of action is for the recovery of money paid, which, it is alleged, was paid because of the fraud of the defendants. But for their fraudulent representations, the amount paid, instead of $7500, would have been the actual cost of the machinery. The plaintiff is not seeking to recover that portion of the payment which by the terms of the contract was justly payable. The cause of action, therefore, is not upon the contract, but to recover the sum fraudulently obtained, and is an action for relief on the ground of fraud. In *Young v. Whittenhall*, 15 Kan. 579, it was held:

"Section 18 of the code (Code 1909, § 17), which provides, among other things, that 'an action for relief on the ground of fraud' can only be brought within two years after the cause of action shall have accrued, and

that 'the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud,' applies to actions for *damages* founded upon fraud, as well as to actions for *equitable relief* founded upon fraud." (Syl. ¶ 1.)

To the same effect are *Doyle v. Doyle*, 33 Kan. 721, 723, 7 Pac. 615, and *Stearns v. Hochbrunn*, 24 Wash. 206, 212, 64 Pac. 165, 166.

The further contention is made that the petition should have alleged facts showing that plaintiff had exercised reasonable diligence to discover the fraud; in other words, should have alleged what efforts were made, what inquiries were instituted, to ascertain whether or not it had been defrauded. If plaintiff had a right to rely and did rely on the representations of defendants, naturally no inquiry would be made to ascertain the truth of the representations until some suspicion was aroused respecting the truth thereof. It was not necessary for plaintiff to plead facts showing diligence, nor was plaintiff required to negative the fact that the fraud might have been discovered earlier. The statute does not declare that the action may be maintained within two years after the fraud has been discovered provided the plaintiff has used due diligence to discover the fraud. In this respect it differs materially from the first English statute (Stat. at Large, 3 and 4 Wm. IV, ch. 27, § 26), which permitted relief on the ground of fraud, and which enacted that the cause of action is "deemed to have first accrued at and not before the Time at which such Fraud shall or with reasonable Diligence might have been first known or discovered."

In *Young v. Whittenhall*, 15 Kan. 579, it was held that when the petition shows the consummation of the fraud more than two years before the action is commenced, the plaintiff must further allege that he did not discover the fraud until within two years. The old equity practice required the circumstances under which

the fraud was discovered to be stated in the bill, because the complainant was obliged to state a cause of action which appealed to the conscience of the chancellor; and whether or not the complainant was entitled to the relief demanded depended as much upon what his own conduct had been as upon that of the defendant. The rule, in this state at least, has no application to an action under the code for damages for fraud. (*K. P. Rly. Co. v. McCormick*, 20 Kan. 107; *Ryan, et al., v. L. A. & N. W. Rly. Co., et al.*, 21 Kan. 365, 404.) All that is necessary is for the plaintiff to allege as a fact that he did not discover the fraud until within two years before the action was commenced.

The defendant relies chiefly on the case of *Wood v. Carpenter*, 101 U. S. 135, 25 L. Ed. 807, where the contrary seems to be held. The court in that case (p. 138) construed an Indiana statute, which read:

"If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action." (2 Rev. Stat. Ind. 1876, p. 128, § 219.)

It was held that it is not sufficient to allege the fact of concealment and the discovery thereof by the plaintiff within the statutory period, but that the plaintiff is required to state fully the circumstances of the discovery and to show that the delay which has occurred is consistent with reasonable diligence on his part. If it be conceded that the provision of our statute, that a cause of action for relief on the ground of fraud "shall not be deemed to have accrued until the discovery of the fraud," is the same in principle as the provision of the Indiana statute respecting the concealment and discovery of the cause of action, it is sufficient to say that this court has placed a construction upon our statute at variance with the doctrine declared in *Wood v. Carpenter.*

In *K. P. Rly. Co. v. McCormick,* 20 Kan. 107, Justice Brewer, speaking for the court, in the opinion said:

"The question is one of time, and not of conduct. The statute requires in a petition a concise statement of the facts constituting the cause of action; but the manner in which the fraud has been discovered is no part of or element in such cause of action. The cause of action is in the wrong done; and even the time of discovery is a matter affecting solely the statute of limitations, and that statute has regard to the time, and not to the manner of discovery."   (p. 111.)

In the syllabus of that case it was ruled:

"Whatever may have been the old equity practice, under the code, in an action for relief on the ground of fraud, the circumstances under which the fraud was discovered do not constitute any part of the cause of action, and need not be stated in the petition, even where a discovery must be alleged to avoid the apparent bar of the statute of limitations."   (Syl. ¶ 2.)

The same construction was given by the Ohio supreme court to a statute worded substantially like ours, in *Combs v. Watson,* 32 Ohio St. 228, and *Zieverink et al. v. Kemper, Rec'r,* 50 Ohio St. 208.   The McCormick case was decided in 1878.   It was followed and approved in *Ryan, et al., v. L. A. & N. W. Rly. Co., et al.,* 21 Kan. 365, 404, decided in January, 1879, and the doctrine in both cases was expressly approved and followed by the supreme court of Washington in *Stearns v. Hochbrunn,* 24 Wash. 206, 214, 64 Pac. 165, 166. The decision by the United States supreme court in *Wood v. Carpenter,* 101 U. S. 135, 25 L. Ed. 807, was delivered at the October term, 1879.   Since then the question appears not to have been considered by our court.   We are satisfied, however, that the doctrine of the two Kansas cases accords with the rules of pleading under our code, whatever may have been the rules prescribed under the old equity practice.

The action being for fraud and not upon contract, the motion to require plaintiff to state whether the con-

tract was in writing or parol was rightly overruled. The motion to dismiss the action was not well taken. The annual statement of the corporation for 1909 having been accepted by the state, the irregularity was waived. No one but the state could thereafter question the right of the plaintiff to exercise the rights and privileges of a corporation. (*The State v. Book Co.*, 69. Kan. 1, 76 Pac. 411; *Deere v. Wyland*, 69 Kan. 255, 76 Pac. 863; *Feeding Co. v. Kelly*, 71 Kan. 874, 81 Pac. 470.) We find no error in the instructions. There was sufficient evidence to sustain the verdict.

The judgment is affirmed.