No. 33,988

FLORENCE M. BRADRICK, *Appellee*, v. I. S. .WOODWARD, *Appellant.*
(84 P. 2d 885)

Opinion filed December 10, 1938.

*Joe T. Rogers,* of Wichita, for the appellant.
*Carl H. Davis,* of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to recover a sum of money which came into the hands of defendant in the course of an exchange of certain Wichita city properties negotiated by him as agent of plaintiff.

Plaintiff's petition narrated the material facts. Defendant demurred on two grounds: (1) no cause of action stated, and (2) the statute of limitations.

The demurrer was overruled, and defendant answered with a general denial, a plea which gave his version of the transaction out of which this controversy has arisen, and again raising the statute of limitations.

The cause was tried before a jury, which returned a verdict for plaintiff, on which judgment was rendered in plaintiff's behalf.

The principal error complained of centers about the pertinency of the statute of limitations. This point requires a consideration of the controlling facts, which may be summarized thus:

In 1931 plaintiff resided in Missouri. She owned some real estate in Wichita on which two houses and a store building were situated. She obtained the name of a real-estate firm in Wichita called the D. H. Bane Land Company, and wrote them that she desired to sell her Wichita property. This letter brought on a correspondence with this defendant, in the course of which he informed plaintiff that he could get her an even trade on some other property in Wichita owned by a Mrs. Millar. In one of his letters to plaintiff, defendant wrote—

"We assure you that this [Mrs. Millar's property] is an excellent trade for you if it can be made."

In another letter he wrote to plaintiff:

"In our opinion you would make a good trade for yourself, if you traded property clear for clear basis. . . . What we want to do is to get you the very best trade we can, but there will be no chance to get you any cash difference. We think we can get you an even trade. . . .

"If this is acceptable to you advise us at once and we will put this deal in contract for you."

The record contains some details about a shifting of mortgages, but these are of no present concern.

The exchange of properties was made ostensibly upon the basis of "clear for clear" as represented to plaintiff by defendant, but in truth and fact defendant obtained $500 to boot from Mrs. Millar,

which he converted to his own use, and concerning which he gave no intimation to plaintiff. The exchange of properties was completed late in 1931, at which time plaintiff paid defendant $150 for his services in her behalf.

This action to recover the $500 and interest thereon was begun on October 28, 1937, some six years afterwards. To toll the statute of limitations, plaintiff alleged:

. "That plaintiff did not know and did not learn or discover or receive any information that said defendant had received and collected said $500 boot money until the month of August, 1937, and prior to that time plaintiff had no knowledge or information of the same, nor of the said fraud practiced on her by said defendant, but immediately after learning same she made demand on said defendant for said money, all of which was refused by him and for all of which said defendant is justly indebted to plaintiff, together with six (6) percent interest from December 1, 1931."

In her second cause of action plaintiff sought a recovery of the $150 she paid defendant as a commission.

Counsel for defendant concedes that if plaintiff's causes of action were for relief on the ground of fraud, they did not arise until the discovery of the fraud, or, at least, not until plaintiff was in possession of facts which if prudently followed up would have revealed the fraud. This rule is elementary. (G. S. 1935, 60-306, *Third*, and citations thereunder.)

In *Condensing Co. v. Dawkins*, 86 Kan. 312, 314, 120 Pac. 356, the defendant agreed to deliver certain machinery at actual cost, which he represented to be $7,500, when in fact its cost was $3,000. Some years later the plaintiff discovered the facts, and sued to recover the difference between the actual and pretended cost of the machinery. On appeal from a judgment for plaintiff, it was argued that the action was for breach of contract, and therefore barred by the statute of limitations. But this court ruled otherwise—that it was an action for relief on the ground of fraud. In our opinion Mr. Justice Porter said:

"As a general rule, where the defendant has made a material representation which he knew to be false, with the intention that the plaintiff should act upon it, and the plaintiff has acted upon it to his injury, an action will lie to recover damages for the fraud.

" 'The simplest and perhaps the most frequent case of fraud is that consisting of telling a deliberate and intentional falsehood as to a material fact. Where a person makes such a misrepresentation, intending that another shall act upon it, and the latter does act upon it to his injury, it is perfectly clear that an action of deceit will lie.' (20 Cyc. 14.)

". . . In the present case the cause of action is for the recovery of money paid, which, it is alleged, was paid because of the fraud of the defendants. But for this fraudulent representation, the amount paid, instead of $7,500, would have been the actual cost of the machinery. The plaintiff is not seeking to recover that portion of the payment which by the terms of the contract was justly payable. The cause of action, therefore, is not upon the contract, but to recover the sum fraudulently obtained, and is an action for relief on the ground of fraud. (Cases cited.)"

The law books are laden with cases of multiplied variety where men entrusted with the business transactions of other men have not been content with the agreed or implied compensation to which they were entitled, and have appropriated moneys or other property of their principals to which they were not entitled. Actions for the redress of such misdeeds are generally characterized as actions for relief on the ground of fraud; and the statute of limitations does not begin to run until the principal has knowledge or notice of the agent's wrong. (*Guernsey v. Davis,* 67 Kan. 378, 73 Pac. 101; *Rafter v. Hurd,* 136 Kan. 127, 12 P. 2d 837.)

In *Deter v. Jackson,* 76 Kan. 568, 92 Pac. 546, certain real-estate dealers negotiated a sale of plaintiff's land, fraudulently representing that $3,900 was the price. In fact, the price received was $4,000. The brokers pocketed the difference. This court affirmed a judgment in favor of plaintiffs for the $100 and also for the recovery of the amount plaintiffs had paid them as commission. One section of the syllabus reads:

"Where a real-estate broker falsely states the facts and deceives the owner as to the price paid for the latter's land, and fraudulently retains a part of the selling price, the broker is liable not only for so much of the consideration as he retained but he will also forfeit all claim to any compensation for procuring a buyer."

In *Frowe v. McPheeters,* 122 Kan. 420, 251 Pac. 1105, the action was to recover from real-estate agents the difference between the actual and the represented price received in the sale of certain lands of plaintiff. In affirming a judgment in his behalf, this court said:

"Where such brokers make false representations to him [the owner] as to the purchaser and the price paid for the land, and after selling it for a price greatly in excess of the represented price, and in an accounting retain for themselves the excess price for which the land was actually sold, they are liable for so much of the price paid as they retained and forfeit any claim to compensation for procuring a purchaser." (Syl. ¶ 2.)

To the same effect are our typical and familiar cases, *Krhut v.*

*Phares,* 80 Kan. 515, 103 Pac. 117, and *Avery v. Baird,* 106 Kan. 507, 188 Pac. 254.

The defendant cites cases like *Railway Co. v. Grain Co.,* 68 Kan. 585, 75 Pac. 1051, to support his argument that his delinquency, if any, was merely a breach of contract, as to which the statute of limitations would begin to run as soon as the breach occurred. We think the distinction between this case and the typical and analogous cases of fraud we have cited was clearly and shortly stated in *Condensing Co. v. Dawkins,* 86 Kan. 312, 120 Pac. 356, thus:

"There the alleged fraud consisted in concealing from the plaintiff the fact that the contract was being violated, and it was held that the fraudulent concealment of the fact that a cause of action exists does not change the nature of the action or shift it into the class of actions for relief on the ground of fraud." (p. 314.)

Breach of contract in this case—what contract? The contract was between plaintiff and Mrs. Millar. No breach occurred therein. The conversion by defendant of part of the *quid pro quo* which Mrs. Millar gave in exchange for plaintiff's property was a tort pure and simple—in its civil aspects, of course; and no error occurred in the judgment for its recovery by plaintiff.

In the second cause of action the recovery of the $150 paid by plaintiff as commission was merely incidental to the recovery of the $500 tortiously appropriated by defendant which was the basis of her first cause of action.

The other objections to the judgment have been duly considered, but nothing is discerned therein which would permit it to be disturbed, nor justify further discussion.

The judgment is affirmed.