No. 34,708

Leo M. Nardyz, *Appellee*, v. The Fulton Fire Insurance Company, The Western Adjustment and Inspection Company, F. D. Hawkins, The Fireman's Fund Insurance Company and The American Insurance Company, *Appellants*.

(101 P. 2d 1045)

Opinion filed May 4, 1940.

*Blake Williamson, James K. Cubbison, Lee Vaughan, Jr.,* all of Kansas City, *Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, for the appellants.

*Louis R. Gates* and *David F. Carson,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action against a number of defendants to recover damages for the alleged slander of the plaintiff. The slander was alleged to have been effectuated pursuant to a common intent, purpose and design of the defendants. The substance of the slander was that plaintiff and one Fordyce had set fire to a building, in which they owned the contents, with the intent and purpose of defrauding the defendant insurance companies. The defendants were the owner of the building which was burned, one F. D. Hawkins, who was alleged to have had full authority to act for each and all of the insurance companies, and two fire marshals who, it is alleged, in fact represented the insurance companies. The appeal was taken by certain of the defendants from orders overruling motions and demurrers leveled against the petition.

The appealing defendants are the Fulton Fire Insurance Company, Western Adjustment and Inspection Company, F. D. Hawkins, Fireman's Fund Insurance Company and the American Insurance Company.

It is first urged the court erred in overruling motions to require plaintiff to make the petition more definite and certain, to strike portions of the petition, to require plaintiff to elect whether he relied upon conspiracy to injure or upon conspiracy to slander, or upon slander, and *if he intended* to rely upon each of said causes of action *that he then* be required to separately state and number the causes of action. The motion to elect involves, in part, the same question as is involved in a special demurrer. That question will be treated presently. There is no showing the rulings on the motions affected a substantial right of the appellants or either of them and that the rulings, in effect, determined the action. They are therefore not appealable orders. In *Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469, following numerous decisions, it was held:

"Motions to strike, to make definite and certain, and to separately state and number, rest in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie. Unless it appears the ruling prejudiced or will prejudice the substantial rights of a party it will not be reversed. Unless it appears the ruling affects a substantial right and in effect determines the action it is not appealable." (Syl. ¶ 1.)

In the view we take of the contentions made on appeal, it will not be necessary to narrate the facts alleged in the rather voluminous petition.

The substance of the motion to elect between causes of action has been stated. The motion, it will be noted, was in the alternative, that is, to require the plaintiff to "separately state and number" if he relied upon separate and distinct causes of action. Plaintiff did not rely upon separate and distinct causes of action. He relied upon one cause of action. It was an action to recover damages resulting from the alleged slander of the coconspirators.

The special and general demurrers were as follows:

"1. Several causes of action are improperly joined because the petition undertakes to state a cause of action based upon conspiracy either to injure or to slander, or slander, but fails to state facts sufficient to constitute conspiracy, the allegations of the petition amounting merely to conclusions of law, and for that reason separate causes of action are attempted to be stated against each of the several defendants on account of separate slanders which cannot be properly joined. .

"2. The petition does not state facts sufficient to constitute a cause of action against this defendant."

From what was said on oral argument we shall assume the same or similar motions and demurrers were filed by all appellants.

In ruling upon the motion to elect and upon the demurrers, the court held:

"First: There is but one theory of plaintiff's cause of action. It is that the defendants and their authorized agents maliciously *planned and agreed* to slander plaintiff, and did so. Since only one theory is presented, there is no basis for an election. (Emphasis supplied.)

"Second: Plaintiff has made his action joint. Perhaps he could have brought an action against each defendant, but the procedural choice was his. Defendants have no right to compel plaintiff to sue them separately.

"Third: The petition states facts and circumstances which warrant recovery against defendants, if proved.

"It necessarily follows that the motions and demurrers should be and are overruled."

A review of the petition convinces us the trial court correctly held only one cause of action was pleaded. The gist or gravamen of the charge was not conspiracy, but slander. Mere conspiracy is not actionable, but harmful consequences of conduct pursuant to conspiracy is actionable. (*Rizer v. Geary County,* 58 Kan. 114, 118, 48 Pac. 568; *Beneke v. Bankers Mortgage Co.,* 135 Kan. 444, 446, 10 P. 2d 825; *Adams v. Snyder,* 137 Kan. 365, 369, 20 P. 2d 827; *Clein v. City of Atlanta,* 164 Ga. 529, 139 S. E. 46, 53 A. L. R. 933, 938; 5 R. C. L. 1090, Conspiracy, § 41; 15 C. J. S., Conspiracy, 1006, 1031, §§ 10, 21.) Appellee sought in the instant action to recover

damages alleged to have resulted from the harmful consequences of the slander. That was one cause of action. That was the theory of appellee. That was the interpretation placed upon the petition by the trial court, and we think rightly. The action will, of course, be tried upon that theory.

The second ground of the special demurrer was that the allegations concerning conspiracy were merely conclusions of law. Appellant's theory is that if conspiracy was not properly pleaded then the averments as to each defendant constituted separate causes of action which could not be joined. Appellee concedes the theory, but contends that slander and not conspiracy was the gist of the action. The slander pleaded was slander per se. It was definitely pleaded. In at least one paragraph the slander was specifically pleaded as to time and place, including a designation of the persons who were present at the time. Appellee contends conspiracy was sufficiently pleaded by an allegation that defendants agreed to slander the plaintiff and by the further averments of acts and conduct from which a conspiracy to slander reasonably could be inferred. We think, as did the trial court, that the petition, when read in its entirety, was intended to plead an agreement between the defendants to slander plaintiff. That allegation is not a conclusion. Appellee may not be able to prove such an agreement by direct evidence, but that is not our present concern.

In order to sue all the defendants in one action it is only necessary to plead facts and circumstances from which it follows, or reasonably may be inferred, that there was a conspiracy, that is, a combination or concert of action between the appellants to slander appellee and that the slander resulted. (*Stoner v. Wilson,* 140 Kan. 383, 36 P. 2d 999; *Calcutt v. Gerig,* 271 Fed. 220, 27 A. L. R. 543.) We think the petition alleged such facts. Touching the sufficiency of proof of conspiracy, see, also, *Mosley v. Unruh,* 150 Kan. 469, 95 P. 2d 537. Some of those facts might have been pleaded with greater definiteness or certainty, but that fact did not render the petition demurrable. The petition quite fully advised appellants of the nature of the charge and the character and type of facts and circumstances upon which appellee was relying to establish conspiracy. Furthermore, we think, as did the trial court, that the petition pleaded an agreement of appellants to slander appellee. It is not necessary, however, that an actual agreement between the defendants to slander be pleaded or proved, as it is seldom possible to

prove such an agreement by direct evidence. It is nearly always necessary to prove conspiracy by circumstantial evidence, which is universally recognized as the proper means of proof. (*Rickel v. Co-operative Exchange*, 113 Kan. 592, 600, 215 Pac. 1015; *Hutson v. Imperial Royalties Co.*, 135 Kan. 718, 723, 13 P. 2d 298; *Adams v. Snyder*, 137 Kan. 365, 369, 20 P. 2d 827; *Calcutt v. Gerig*, supra.) A plaintiff may, therefore, either prove the conspiracy itself, which renders the acts of the conspirators admissible in evidence, or he may prove the acts of the various defendants and thus prove the conspiracy. (*Hutson v. Imperial Royalties Co.*, supra, 723; 5 R. C. L. 1103, Conspiracy, § 53; 11 Am. Jur. 585, Conspiracy, § 56.)

In 15 C. J. S. 1037, Conspiracy, § 25, the rule of pleading is stated thus:

"The conspiracy, not being the gravamen or gist of the action, as stated *supra* § 21, an allegation of conspiracy does not in and of itself allege a cause of action, and ordinarily it need not be alleged in order to impose liability for the wrong on all who have conspired to commit it, and, on the other hand, an allegation of conspiracy does not warrant a recovery, if there is no right of action independent of the conspiracy. An allegation of conspiracy becomes important only as it may affect the means and measure of redress. It may be pleaded and proved only in aggravation of the wrong of which plaintiff complains, or for the purpose of enabling him to recover against all the conspirators as joint tort-feasors, or for the purpose of holding one defendant responsible for the acts of his coconspirators. Such allegation is a mere matter of inducement leading up to the relation of the acts from which conspiracy may be inferred, and does not change the nature of the action from one purely on the case, subject to all the settled rules of such action, or add anything to its legal force and effect." (p. 1037.)

In the same section of the same text it is further said:

"In alleging conspiracy, a general allegation that defendants entered into a conspiracy for a certain purpose and have committed acts in furtherance thereof, without setting out the facts constituting the conspiracy, ordinarily is not sufficient, although there are some decisions to the contrary. The facts and circumstances which constitute the conspiracy, or from which it may be inferred, should be set out clearly, concisely, and with sufficient particularity; but, being mere matter of inducement, they need not be alleged with the particularity required in pleading the acts constituting the gist of the action, and as a rule great latitude is allowed in setting out in the complaint the particular acts from which the conspiracy is to be inferred, even going so far as to allow the individual acts of the conspirators to be averred." (p. 1038.)

Touching the extent of liberality permitted in such pleadings, see, also, 12 C. J. 629, § 215; 5 R. C. L. 1103, § 52; and *Stoner v. Wilson*, supra, 385-386.

Appellants finally contend that since they had moved to require appellee to more definitely state the pretended cause of action upon which he relied, which motions were resisted and overruled, the petition should have been strictly construed against appellee. In support of the contention they rely upon the rule as stated in *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965, and followed in *Long v. Prairie Oil and Gas Co.*, 141 Kan. 47, 39 P. 2d 446. The statement in the Sluss case, relied upon by appellants, is as follows:

"If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient. (See Dassler's Kan. Civ. Code, 2d ed., 220, and cases cited.) Under the circumstances of this case it is impossible to determine on what definite theory the plaintiff seeks recovery or on which of two inconsistent theories he relies, and the demurrer should have been sustained." (p. 854.)

We adhere to the rule as stated. The trouble with appellants' contention is, there were no inconsistent theories relied upon for recovery in the instant case and the district court had no difficulty —nor do we have any difficulty—in determining on what definite theory appellee sought recovery. That theory, as heretofore stated, was appellee's right to recover damages for slander which it was alleged had been effectuated pursuant to the common purpose, intent and design of appellants. Upon that theory the petition stated a cause of action. It follows the special and general demurrers were properly overruled.

The rulings of the trial court, properly before us for review, are affirmed.

Harvey, J., dissents.